UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>COREY LOGSDON | No. 18 CR 743-2<br><br>Hon. John R. Blakey |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
"MOTION SEEKING SENTENCE ADJUSTMENT UNDER § 4A1.1(D)
'STATUS POINTS' OF PART A OF AMENMENT 821"**

Defendant Corey Logsdon has filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on Part A of Amendment 821 to the Sentencing Guidelines. At sentencing, however, defendant did not receive any "status points" for committing the offense while under a criminal justice sentence. Because he is not eligible for the relief he seeks, defendant's motion should be denied.

## BACKGROUND

On May 11, 2021, defendant Corey Logsdon pled guilty to one count of mail fraud and one count of aggravated identity theft. In his presentence investigation report, he received the following criminal history points: one point for a 2006 theft conviction, and one point from a separate 2006 theft conviction, both pursuant to Guideline § 4A1.1(c). PSR ¶¶ 57-58. Defendant did not receive any points for being under a criminal justice sentence under Guideline § 4A1.1(d). On August 4, 2022, defendant was sentenced to a total of 48 months by Judge Lee. R. 464.

1

## DISCUSSION

### I. Guideline Amendment

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.C. § 4A1.1(e) (Nov. 1, 2023).

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decreed that this change applies retroactively.

### II. Defendant's Motion

In his motion, defendant "seeks a sentence adjustment for 'status point' offenders pursuant to USSG §4C1.1 under the 821 Amendment." R.538 at 1. He relies on this Amendment 821 throughout the motion. *Id.* at 2-3. Defendant argues that "his guidelines [should be] recalculated, as his two – (2) criminal points should be reduced by two points." *Id.* at 3. He does not address the fact that his two criminal history points were for theft convictions, rather than status points.[1]

---

[1] On April 2, 2024, defendant filed a "Movant's Request for Immediate Ruling," which stated that his motion was "with respect to §4c1.1." Guideline § 4C1.1, titled Adjustment for Certain Zero-Point Offenders, also does not apply to defendant because he was not a zero-point offender.

Defendant's motion should be construed as falling under 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Part B, Subpart 1 of Amendment 821, and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not

3

> reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Because defendant's guidelines calculation is not impacted by the amendment, his motion fails at the first step. Section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." That is the situation here, and therefore the motion must be denied.

### III.  Conclusion

For these reasons, the government opposes defendant's Motion Seeking Sentence Adjustment Under § 4A1.1(d) "Status Points" of Part A of Amendment 821, R. 638, and respectfully requests that the motion be denied.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:  *Charles W. Mulaney*
    Charles W. Mulaney
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5300

Dated: May 28, 2024